IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| IN RE:  Christopher Sweeney | ) | CHAPTER 13 |
| Kathleen Sweeney | ) | |
| | ) | |
| Debtor(s). | ) | **CASE No. 08-20954** |
| | ) | |
| | ) | |
| Christopher Sweeney | ) | |
| Kathleen Sweeney | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| v. | ) | **ADVERSARY PROCEEDING** |
| | ) | **No. 08-00869** |
| National Capital Management, LLC, | ) | |
| Assignee of Equity One, Inc. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR ENTRY OF DISMISSAL**

Plaintiffs, Christopher and Kathleen Sweeney sued National Capital Management, LLC (NCM) in its capacity as Assignee of Equity One, Inc, which earlier obtained a judgment against Plaintiff Kathleen Sweeney in the District Court of Maryland for Howard County. Equity One then filed a garnishment on wages against Kathleen Sweeney and recovered monies within 90 days of her bankruptcy filing. After this Chapter 13 filing, Plaintiffs initiated a Complaint to recover monies garnished from Kathleen Sweeney's salary within 90 days preference period, based on the claimed exemption of those monies.

NCM interposed a constitutional challenge to the Plaintiffs' claim of exemption under §11-504(f), Courts and Judicial Proceedings Article of Annotated Code of Maryland, arguing that state only bankruptcy exemptions conflict with and are therefore preempted by the Supremacy Clause of the United States Constitution. In advocating this position NCM, for the purposes of moving for summary judgment on the basis of its constitutional claim, set out the

1

undisputed fact that "Defendant's assignor, Equity One obtained a judgment against Kathleen Sweeney . . . (whose) wages were garnished in execution on the judgment and $2,900.00 was received from her employer within 90 days of this bankruptcy filing." (DE 8 at 3)(emphasis added). The Sweeneys then amended their bankruptcy exemptions, changing the basis of their claim for the recovery of the preferential wage garnishment from the Maryland "catch all" bankruptcy exemption contained in §11-504(f) to the exemption for cash or other property found in §11-504(b), Courts and Judicial Proceedings Article.

After this Court denied NCM's objection to the amended exemptions, NCM's counsel wrote to Plaintiff's attorney on June 11, 2009 explaining that $1562.86 had been received on the garnishment by Equity One prior to the time the assignment to NCM assigned and that $1195.03 was received subsequent to the assignment. (Exhibit 1). Defendant's attorney waited almost two weeks and, receiving no response from Plaintiff's counsel, tendered the $1195.03 along with a cover letter explaining that the negotiation of the payment was conditioned upon Plaintiff authorizing a dismissal of the adversary proceeding. See, Exhibits 1 and 2 to DE 26.

When the Plaintiffs did not stipulate to the filing of the dismissal, Defendant moved to dismiss on the grounds that the claim against NCM for recovery of the preferential transfer had been satisfied. Plaintiffs opposed the motion, asserting that "Defendant and its assignor garnished $2900.00 from debtor's wages . . . (and) cannot escape responsibility for full payment by the expediency of attaching a condition (sic) letter to a payment check." (DE 27 at 3).

Defendant is not arguing that the Plaintiff must accept $1195.03 as full satisfaction of the preferential transfer, only that NCM is entitled to a dismissal of this lawsuit by virtue of the fact that NCM has tended all amounts NCM received from the wage garnishment. By the dismissal of this lawsuit, Plaintiffs' right to pursue recovery of the $1562.86 received by Equity One prior to the assignment to NCM is not impaired. However, Plaintiffs cannot recover monies from an assignee on a debt owed by the assignor because there is no implied assumption by the assignee

2

of his assignor's obligations.  See, P-T Ltd. II v. Friendly Mobile Manner, Inc., 79 Md. App. 227, 234, 556 A.2d 694 (1989). Accordingly, absent any evidence the NCM agreed to assume Equity One's liabilities when it received the assignment of the debt, Plaintiffs' remedy is against the assignor, Equity One.

Accordingly, because NCM has no obligation to pay its assignor's obligations and because Equity One received $1562.86 from the Plaintiff's salary, this Court should grant Defendant's motion to dismiss this lawsuit against NCM.

                                              THE LAW OFFICES OF RONALD S. CANTER, LLC

                                               /s/ Ronald S. Canter
                                              Ronald S. Canter, Esquire
                                              Bar No. 01024
                                              11300 Rockville Pike, Suite 1200
                                              Rockville, MD 20852
                                              Telephone:  301-770-7490
                                              Facsimile:  301-770-7493
                                              E-Mail:  rcanter@roncanterllc.com
                                              Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual listed below by Electronic Case Filing and First Class Mail, Postage Prepaid on this 31st day of July, 2009 to:

                                              Adam M. Freiman, Esquire
                                              Sirody, Freiman & Feldman, P.C.
                                              1777 Reisterstown Road, Suite E360
                                              Baltimore, MD  21208
                                              Attorney for Plaintiffs

                                              Ellen W. Cosby, Trustee
                                              P.O. Box 20016
                                              Baltimore, M D  21284

                                               /s/ Ronald S. Canter
                                              Ronald S. Canter, Esquire
                                              Attorney for Defendant